**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

AMIR WINN and RAHEEM MANNS, : Civil Action No. 05-3713 (GEB)

Plaintiffs, :

v. : **OPINION**

NEW JERSEY DEP'T OF CORRECTIONS, et al., :

Defendants. :

RECEIVED
SEP 12 2005
AT 8:30
WILLIAM T. WALSH
CLERK

**APPEARANCES:**

Amir Winn, #515326, Pro Se
Raheem Manns, #528634
Garden State Youth Correctional Facility
P.O. Box 11401
Yardville, NJ 08620

**BROWN, JR.**, Chief Judge

Plaintiffs, Amir Winn and Raheem Manns, currently confined at the Garden State Youth Correctional Facility in Yardville, New Jersey, seek to bring this action alleging violations of their constitutional rights in forma pauperis. Based on their affidavits of indigence and the absence of three qualifying dismissals within 28 U.S.C. § 1915(g), the Court will grant the applications to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the complaint.

At this time, the Court must review the complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be

granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that dismissal of the complaint is warranted as against defendants Department of Corrections and Commissioner Devon Brown. However, the claims against warden Sootkoos will be permitted to proceed.

**BACKGROUND**

The following factual allegations are taken from the complaint and are accepted as true for purposes of this review.

Plaintiffs are cell mates at the Garden State Youth Correctional Facility. On June 13, 2005, while plaintiffs were in the day room of the facility, a search of their cell was conducted. Allegedly, officers found a pen with a razor attached to the end of it, and charged plaintiffs with the disciplinary charge of possession of an unauthorized tool. Plaintiffs were placed in "lock up" for 23 hours a day. The warden, defendant Sootkoos, told them that they would be given a lie detector test. As of the date of filing, they had not yet received the lie detector test, had not been formally charged with the disciplinary charge, and had been placed in lock up for 26 days.

Plaintiffs seek to sue the New Jersey Department of Corrections, Commissioner of the Department of Corrections Devon Brown, and warden Sootkoos for monetary and injunctive relief.

They argue that defendant Brown is liable for not properly overseeing the prison, and that warden Sootkoos is liable to them for approving the lie detector, then not following through with it in a timely manner.

## DISCUSSION

### A. Standard of Review

This Court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).

**B. Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

Local government units and supervisors are not liable under § 1983 solely on a theory of respondeat superior. See City of

Oklahoma City v. Tuttle, 471 U.S. 808, 824 n.8 (1985); Monell v. New York City Department of Social Services, 436 U.S. 658, 690-91, 694 (1978) (municipal liability attaches only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury" complained of); Natale v. Camden County Correctional Facility, 318 F.3d 575, 583-84 (3d Cir. 2003). "A defendant in a civil rights action must have personal involvement in the alleged wrongs, liability cannot be predicated solely on the operation of respondeat superior. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted). Accord Robinson v. City of Pittsburgh, 120 F.3d 1286, 1293-96 (3d Cir. 1997); Baker v. Monroe Twp., 50 F.3d 1186, 1190-91 (3d Cir. 1995). In this case, the plaintiffs make no claims of personal involvement against defendant Devon Brown, and the claims against him must be dismissed, without prejudice.

Further, the Department of Corrections is not a "person" who may be sued pursuant to 42 U.S.C. § 1983. See Will v. Michigan Dept. of State Police, 491 U.S. 58, 68-70 (1989) (holding that governmental entities considered "arms of the State" for Eleventh Amendment purposes are not "persons" within the meaning of § 1983); Grabow v. Southern State Correctional Facility, 726 F.

Supp. 537, 538-39 (D.N.J. 1989) (stating that New Jersey Department of Corrections and state prison facilities not "persons" under § 1983). Therefore, defendant New Jersey Department of Corrections will be dismissed, with prejudice, from the instant action.

Plaintiffs' claims against warden Sootkoos will be permitted to proceed past sua sponte screening. In general, disciplinary confinement of prisoners does not generally implicate due process protections. See Sandin v. Connor, 515 U.S. 472, 484-86 (1995). "As long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight." Montanye v. Haymes, 427 U.S. 236, 242 (1976), quoted in Hewitt, 459 U.S. at 468 and Sandin v. Conner, 515 U.S. 472, 480 (1995). "Discipline by prison officials in response to a wide range of misconduct falls within the expected parameters of the sentence imposed by a court of law." Sandin, 515 U.S. at 485 (upholding prisoner's sentence of 30 days' disciplinary segregation following a hearing at which he was not permitted to produce witnesses).

Liberty interests protected by the Due Process Clause "will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give

rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484 (finding that 30-day lock-down of prisoner for disciplinary reasons is not a "major disruption in his environment" and is therefore constitutional).

However, the Court of Appeals for the Third Circuit has held that a Sandin analysis is a fact-based analysis, in which the court must consider the duration of the disciplinary confinement and the conditions of that confinement in relation to other prison conditions. See Mitchell v. Horn, 318 F.3d 523, 531-32 (3d Cir. 2003)(noting the "differing outcomes, reflecting the fact-specific nature of the Sandin test," and citing cases to compare). Accordingly, plaintiffs may be able to demonstrate a "major disruption in their environment," and this Court must allow the claims to proceed. See Alston v. Parker, 363 F.3d 229, 233 n.6 (3d Cir. 2004)(stating that at the pleading stage, a plaintiff need only make out a claim upon which relief can be granted, and that if more facts are necessary to resolve the dispute, the parties may avail themselves of discovery mechanisms).

**CONCLUSION**

For the reasons set forth above, the claims against defendant Department of Corrections will be dismissed, with prejudice. The claims against defendant Devon Brown will be dismissed, without prejudice. The claims against defendant Sootkoos will be permitted to proceed. An appropriate Order follows.

Garrett E. Brown, Jr.

GARRETT E. BROWN, JR. Chief Judge
United States District Court

Dated: September 9, 2005